IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEROY POPE JORDAN, 527584, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-CV-681-K |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

In 1989, Petitioner was convicted of attempted compelling of prostitution, enhanced, and was sentenced to twenty years confinement. *State of Texas v. Leroy Pope Jordan*, No. F-89-96417-HS (282nd Dist. Ct., Dallas, Tex., Sept. 6, 1989).

Petitioner does not challenge his conviction. Instead, he argues his mandatory supervision was unlawfully revoked.

On October 9, 2008, Respondent filed an answer arguing, *inter alia*, that the petition is time-barred. On December 9, 2008, Petitioner filed a reply. The Court now determines the petition is barred by limitations and should be dismissed.

**II. Discussion**

**A. Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

Petitioner states that on May 3, 2002, his mandatory supervision was revoked. (Pet'r Rejoinder to Response at 3.) On May 24, 2002, he filed a motion to reopen his revocation proceeding. (*Id*. at 4.) On June 8, 2002, he filed a supplemental motion to reopen the revocation proceeding. (*Id*.) On October 8, 2002, the motion to reopen was denied. (*Id*.) Therefore the

latest date Petitioner knew of his revocation was on or about October 8, 2002. Petitioner then had one year, or until October 8, 2003, to file his federal petition. He did not file his petition until April 18, 2008. His petition is therefore untimely.

### B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling. He states that after the motion to reopen was denied on October 8, 2002, he started working on obtaining the exhibits to his trial. (Pet'r Rejoinder to Response at 4.) He states he wanted to present the exhibits to the Board of Pardons and Paroles in the hope the Board would reopen his revocation proceedings. (*Id*.) Once he obtained the exhibits and presented the exhibits to the Board, the Board took no action. (*Id*.) Therefore, on May 3, 2005, he filed a state habeas petition.

Although Petitioner may have attempted to obtain his trial exhibits from October, 2002, until May, 2005, he has failed to show that such action entitles him to equitable tolling. Nothing

prevented him from filing his state and federal habeas petitions sooner. To the extent he may claim unfamiliarity with the law, such a claim does not support equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, and lack of legal training do not support equitable tolling of the AEDPA statute of limitations). Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 9th day of August, 2010.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).